# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

\* \* \*

KENNETH IMHOTEP VAUGHN BEY,

Plaintiff,

v.

JACK SOMMER and LAURA SOMMER,

Defendants.

Case No. 2:21-cv-01456-APG-DJA

**REPORT AND RECOMMENDATION**

District courts have the authority to dismiss cases *sua sponte* without notice to the plaintiff when he "cannot possibly win relief." *Sparling v. Hoffman Constr. Co.*, 864 F.2d 635, 638 (9th Cir. 1998).[1] A complaint should be dismissed for failure to state a claim upon which relief may be granted "if it appears beyond a doubt that the plaintiff can prove no set of facts in support of his claims that would entitle him to relief." *Buckey v. Los Angeles*, 968 F.2d 791, 794 (9th Cir. 1992). A complaint may be dismissed as frivolous if it is premised on a nonexistent legal interest or delusional factual scenario. *Neitzke v. Williams*, 490 U.S. 319, 327-28 (1989). Moreover, "a finding of factual frivolousness is appropriate when the facts alleged rise to the legal of irrational or the wholly credible, whether or not there are judicially noticeable facts available to contradict them." *Denton v. Hernandez*, 504 U.S. 25, 33 (1992). When a court dismisses a complaint, the plaintiff should be given leave to amend with directions as to curing its deficiencies, unless it is clear from the face of the complaint that the deficiencies could not be cured by amendment. *See Cato v. United States,* 70 F.3d 1103, 1106 (9th Cir. 1995).

---

[1] When a plaintiff seeks to proceed *in forma pauperis*, courts screen the complaint to ensure that a claim for relief has been stated. 28 U.S.C. § 1915(e). Here, Plaintiff filed an incomplete application to proceed *in forma pauperis*. *See* Docket No. 1. Given the Court's separate ability to dismiss the complaint pursuant to the authority cited above, however, the Court need not address whether Plaintiff qualifies to proceed *in forma pauperis* before dismissing the case.

Plaintiff's complaint cannot possibly state a claim here. His allegations consist of sovereign-citizen gibberish for which there is no cognizable cause of action. The complaint is properly characterized as frivolous and delusional.

Accordingly, in light of the frivolous and delusional nature of Plaintiff's complaint, the undersigned **RECOMMENDS** that this case be **DISMISSED** with prejudice.

This is not the first finding of this nature for Plaintiff.[2] On June 17, 2021, United States Magistrate Judge Elayna J. Youchah found another of Plaintiff's cases to be frivolous and delusional. *Bey v. Williamson*, No. 2:21-cv-00627-RFB-EJY, Docket No. 9 (D. Nev. June 17, 2021) (report and recommendation). Plaintiff is **CAUTIONED** that continuing to file frivolous lawsuits may result in adverse consequences, including a finding that he is a vexatious litigant.

DATED: August 11, 2021

_____
DANIEL J. ALBREGTS
UNITED STATES MAGISTRATE JUDGE

## NOTICE

This report and recommendation is submitted to the United States District Judge assigned to this case pursuant to 28 U.S.C. § 636(b)(1). A party who objects to this report and recommendation must file a written objection supported by points and authorities within fourteen days of being served with this report and recommendation. Local Rule IB 3-2(a). Failure to file a timely objection may waive the right to appeal the district court's order. *Martinez v. Ylst*, 951 F.2d 1153, 1157 (9th Cir. 1991).

---

[2] It may also not be the last. Plaintiff filed nine lawsuits between August 4, 2021 and August 5, 2021. Concurrently herewith, the undersigned is issuing a report and recommendation that another of those cases be dismissed as frivolous and delusional.